IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| STUART C. IRBY COMPANY ) | |
| ) | |
| v. ) | Case No. 3:17-cv-1071 |
| ) | |
| THOMPSON BROWN, INC.; MICHAEL ) | |
| BROWN; KELI BROWN; and ) | |
| JAMES MOORE ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Pending before the Court is Plaintiff Stuart C. Irby Company's motion for issuance of a bench warrant for Defendant Keli Brown (Docket No. 105), which, for the reasons discussed below, is CONDITIONALLY DENIED.[1] However, the Court will hold another show cause hearing on **October 6, 2020, at 2:00 p.m.** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee, for which Defendants must appear either in person or through counsel and must also provide at that same time (or in advance) full and complete responses to the post-judgment discovery that is appended as Exhibit A, or show cause why they should not be held in further contempt for their failure to respond to the post-judgment discovery. Even if Defendants have provided complete responses to the post-judgment discovery in advance of the October 6 hearing, **they must still appear either in-person or through counsel**, unless a joint notice is filed in advance of the hearing evidencing an agreement between Stuart Irby and any Defendant for their non-appearance. **Defendants face potential serious penalties for failure to appear at this hearing. Defendants are FORWARNED that failure to appear at this hearing will result in**

---

[1] As stated below, if Keli Brown fails to appear for the show cause hearing on October 6, 2020, the Court will issue a bench warrant.

**the issuance of a bench warrant, to the extent permitted by law, for their arrest and appearance in this district, which will be executed by the United States Marshal's Service.**

The Clerk is directed to send a copy of this Memorandum and Order to Show Cause by first class mail only to Defendants Michael Brown and Thompson Brown, Inc. c/o Michael Brown at 3623 6th Avenue W., Palmetto, FL 34221.[2] The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Show Cause by certified mail <u>and</u> first class mail to Keli Brown at 221 Scarlet Ridge Ct., Brentwood, TN 37027.

As discussed in more detail below, a show cause hearing was held on February 20, 2020, for which Defendants were ordered to appear and show cause for their failure to respond to outstanding post-judgment discovery. *See* Order and Order to Show Cause at Docket No. 93. Counsel appeared on behalf of Stuart Irby and on behalf of Defendant James Moore. No other counsel or party appeared. Based on the failure of Defendants Thompson Brown, Inc., Michael Brown, and Keli Brown to appear, the Court found them each to be in civil contempt. Stuart Irby requested that the Court impose a sanction of $100 per day for each day the post-judgment discovery was unanswered, to be increased to $500 per day after 28 days of noncompliance. Given the events that have occurred nationally and locally since February 20, 2020, and the impact of the novel coronavirus known as COVID-19, however, the Court finds an appropriate sanction to be $50 per day commencing on the date of entry of this Order and continuing until the post-judgment discovery is answered in full or further orders of the Court. Although this amount will continue

---

[2] The Court notes that mail sent to Defendant Michael Brown at his last known address in Palmetto, Florida (which is the same address to which correspondence for Defendant Thompson Brown, Inc. was also sent) was returned as undeliverable with no forwarding address. *See* Docket No. 104. If Stuart Irby's counsel has a more current address for Michael Brown, they should promptly send this Order to Michael Brown by certified mail and file a certificate of service with the new address.

to accrue until the post-judgment discovery is answered in full or further orders of the Court, collection of any accrued amount shall be stayed pending further reconsideration at the October 6 show cause hearing.

## I. This Action and Default Judgment

Stuart Irby filed this diversity jurisdiction case seeking a judgment against Defendants for unpaid invoices (plus accrued interest, service charges, and attorneys' fees) on an open credit account of Defendant Thompson Brown, Inc., for which the individual Defendants each executed a guaranty. (Docket No. 1.) The Court's June 20, 2018 Memorandum Opinion and Order sets forth the facts underlying the entry of default against Defendants in detail. (Docket No. 60 at 1-3.)

In brief, Defendants retained counsel and answered Stuart Irby's complaint. (Docket No. 20.) Subsequently, Defendants' counsel withdrew and Defendants failed to retain new counsel thereafter. (Docket No. 60 at 1-3.)[3] Upon Stuart Irby's motion for entry of default, the Court directed the Clerk to enter default against Defendant Thompson Brown because it could not proceed *pro se* as a corporate entity. (Docket No. 47 at 1.) After the June 7, 2018 status conference, the Court directed the Clerk to enter default against the individual Defendants for failure to comply with the Court's prior directions and to otherwise defend this case. (Docket No. 60.) Upon Stuart Irby's motion, the Court subsequently entered default judgment against Defendants as to the principal and interest owed jointly and severally by Defendants. (Docket No. 70.)

Stuart Irby then moved for attorneys' fees and costs. (Docket No. 72.) The Court awarded Stuart Irby attorneys' fees in the amount of $50,609.22, of which Defendants were all jointly and severally liable for $20,624.97 and Thompson Brown, Inc. was liable for the additional

---

[3] Defendant James Moore subsequently retained individual counsel. *See* Notice of Appearance at Docket No. 99.

$29,983.25, and which amounts were added to and recoverable as part of the judgments entered against Defendants. (Docket No. 74)

## II. Post-Judgment Discovery and Contempt

On August 9, 2019, Stuart Irby filed a motion to compel responses to post-judgment discovery served on Defendants as judgment debtors. (Docket No. 87.) Without response by Defendants, the Court granted the motion and ordered Defendants to respond to the post-judgment discovery by November 8, 2019. (Docket No. 88.)

On December 17, 2019, Stuart Irby filed a motion for a show cause order and attorneys' fees, based on Defendants' continued failure to respond to post-judgment discovery. (Docket No. 92.) The Court granted Stuart Irby's request for a show cause order and set a show cause hearing for February 20, 2020. (Docket No. 93.) A show cause hearing was held on February 20, 2020. Counsel for Stuart Irby appeared. Defendant James Moore also appeared through counsel and stated his intent to respond to the outstanding post-judgment discovery.[4]

No other counsel or party appeared. Based on the failure of Defendants Thompson Brown, Inc., Michael Brown, and Keli Brown to appear, the Court found them each to be in civil contempt. Stuart Irby requested that the Court award post-judgment attorneys' fees[5] and impose a sanction of $100 per day for each day the post-judgment discovery remains unanswered, to be increased to $500 per day after 28 days of noncompliance.

---

[4] By order entered on May 15, 2020, the Court directed Stuart Irby to update the Court on its intention in proceeding with requested sanctions against Defendant James Moore. (Docket No. 98.) Stuart Irby responded that its request for sanctions, including attorneys' fees, continued to extend to Defendant James Moore. (Docket No. 100.) Moore responded that he intended to provide final responses to the outstanding post-judgment discovery and requested that no attorney's fees or other sanctions be imposed against him. (Docket No. 103.)

[5] Stuart Irby's request for attorneys' fees are addressed by separate order.

4

## III. Conclusion

Shortly after the show cause hearing, the United States and this community were stricken with the novel coronavirus known as COVID-19, which resulted in prolonged business shutdowns in certain industries and skyrocketing unemployment, along with other negative impacts on the economy generally. Given the events that have occurred since February 20, 2020, and the impact of COVID-19, together with the liberality that is generally extended to *pro se* litigants, the Court finds an appropriate sanction to be $50 per day commencing on the date of entry of this Order and continuing until the post-judgment discovery is answered in full or further orders of the Court. Although this amount will continue to accrue until the post-judgment discovery is answered in full or further orders of the Court, collection of any accrued amount shall be stayed pending further reconsideration at the October 6 show cause hearing. To the extent that Moore has not yet responded to post-judgment discovery, this daily sanction shall extend to him as well, subject to further review by the Court either upon appropriate motion by Moore or at the October 6 show cause hearing.

Default judgment was entered against Defendants in the matter more than 18 months ago. Since that time, Stuart Irby has attempted to obtain basic discovery to aid in collection of that judgment. Defendants are obligated to respond to Stuart Irby's post-judgment discovery, which the Court finds to be straightforward and reasonable. There is no question that Stuart Irby is entitled to the information requested in the post-judgment discovery.

Because the individual Brown Defendants are proceeding *pro se*, the Court is inclined to give them some leeway. However, all Defendants are put on notice that any further efforts to thwart the efficient progress of that discovery, whether by delay or failure to respond, without some demonstrable showing of good cause will not be tolerated by the Court.

For these reasons, the Court will hold another show cause hearing on **October 6, 2020, at 2:00 p.m.** in Courtroom 764, U.S. Courthouse, 801 Broadway, Nashville, Tennessee, for which Defendants must appear either in person or through counsel. At this hearing, Defendants MUST provide at that same time (or in advance) full and complete responses to the post-judgment discovery that is appended as Exhibit A, or show cause why they should not be held in further contempt for their failure to respond to the post-judgment discovery. Even if Defendants have provided complete responses to the post-judgment discovery in advance of the October 6 hearing, **they must still appear either in-person or through counsel**, unless a joint notice is filed in advance of the hearing evidencing an agreement between Stuart Irby and any Defendant for their non-appearance. **Defendants face potential serious penalties for failure to appear at this hearing. Defendants are FORWARNED that failure to appear at this hearing will result in the issuance of a bench warrant, to the extent permitted by law, for their arrest and appearance in this district, which will be executed by the United States Marshal's Service.**

The Clerk is directed to send a copy of this Memorandum and Order to Show Cause by first class mail only to Defendants Michael Brown and Thompson Brown, Inc. c/o Michael Brown at 3623 6th Avenue W., Palmetto, FL 34221. The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Show Cause by certified mail <u>and</u> first class mail to Keli Brown at 221 Scarlet Ridge Ct., Brentwood, TN 37027.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge