UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STUART C. IRBY COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:17-cv-01071 |
| vs. | ) Magistrate Judge Holmes |
| | ) |
| THOMPSON BROWN, INC., MICHAEL | ) |
| BROWN, KELI BROWN and JAMES MOORE | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, the Court orders the issuance of bench warrants for the arrests of Michael Brown and Keli Brown, the issuance of a writ of execution in accordance with the Court's procedures for execution of judgments (or as otherwise instructed by the United States Marshal)[1], and other relief. The motion of Plaintiff Stuart C. Irby Company (the "Plaintiff" or "Stuart Irby") for issuance of a bench warrant for Michael Brown (Docket No. 114) is GRANTED. Stuart Irby's renewed motion for issuance of a bench warrant for Keli Brown (Docket No. 103) is also GRANTED. Stuart Irby's motion for issuance of writ of execution (Docket No. 115) is also GRANTED with the appropriate writ to be in accordance with the Court's procedures for writs of execution (found on the Court's website) or further instruction from the U.S. Marshal. Additionally, the stay of the Court's civil monetary contempt sanction of $50 per day found in the

---

[1] During open court on October 6, 2020, the Court indicated it intended to deny Stuart Irby's motion for writ of execution without prejudice to comply with the Court's procedures for execution of judgments. Upon further reflection, the Court finds the better course is to grant the motion and direct Stuart Irby to comply with either the Court's prescribed procedures or such other procedures as instructed by the U.S. Marshal.

August 11, 2020 order (*see* Docket No. 106 at 5) is LIFTED, and the amounts due and accruing are recoverable by all enforceable collection means.

Finally, to the extent there remains any dispute between Stuart Irby and Defendant James Moore over post-judgment discovery, such dispute may be brought to the attention of the Court by an appropriate motion to compel or for a protective order.

## Background

The long and tortured procedural history of this case is set forth in prior orders (*see* Docket Nos. 60 and 70) and is not recited again here except as necessary for context or explanation of the Court's ruling. On October 15, 2018, the Court entered default judgments in favor of Plaintiff Stuart Irby against Defendants Thompson Brown, Inc., Michael Brown, Keli Brown, and James Moore jointly and severally in the principal amount of $103,129.86 with prejudgment interest in the amount of $2,920.41 and post-judgment interest accruing at a rate of 2.66% to be further computed in accordance with 28 U.S.C. § 1961(b). (October 15, 2018 Order at Docket No. 70.) Upon Stuart Irby's motion, the Court subsequently ordered payment of attorneys' fees and costs in the amount of $50,609.22, of which amount, Defendants were held jointly and severally liable to Stuart Irby for $20,625.97 and Defendant Thompson Brown, Inc. was additionally liable for $29,983.25. (December 6, 2018 Order at Docket No. 74.) These amounts were added to and recoverable as part of the judgments entered against Defendants. (*Id.*)

While judgments are often the end of a lawsuit, the default judgments brought no conclusion to this litigation. In August of 2019, Stuart Irby moved to compel responses from Defendants to post-judgment discovery requests. (Docket No. 87.) The Court ordered Defendants Thompson Brown, Inc., Michael Brown, Keli Brown, and James Moore to each respond to the post-judgment discovery requests by no later than November 8, 2019. (October 16, 2019 Order at

Docket No. 88.) Defendants were also warned that their failure to respond could result in imposition of additional attorneys' fees and other sanctions. (*Id*. at 1.)

Defendants did not respond as ordered and, on December 17, 2019, Stuart Irby filed a motion for an order to show cause and for attorneys' fees. (Docket No. 91.)[2] The Court issued an order directing Defendants to appear on February 20, 2020 and show cause for their failure to respond to post-judgment discovery and why they should not be held in contempt. (January 6, 2020 Order at Docket No. 93.) The Court's order directing Defendants to appear expressly warned that "[failure of one or more Defendants to appear … [could] result in a determination by the Court that the non-appearing Defendants are in contempt for which the Court may impose sanctions as permitted by law." (*Id*. at 1.) Defendants Keli Brown and Michael Brown failed to appear on February 20, as did any counsel on behalf of corporate Defendant Thompson Brown, Inc. However, Defendant James Moore ("Moore") appeared with counsel. The Court therefore permitted Moore additional time to respond to post-judgment discovery and directed the parties to further address his compliance. (Docket No. 98.)

Then, the pandemic overwhelmed this country, including the federal court system. Stuart Irby and Moore proceeded with filings about his compliance (Docket Nos. 100 and 103) and Stuart Irby sought a bench warrant for Keli Brown for her failure to appear on February 20, 2020.[3] The Court conditionally denied Stuart Irby's request for a bench warrant for Keli Brown, subject to

---

[2] In its January 6, 2020 order, the Court found that Stuart Irby is entitled to additional attorneys' fees, in an amount determined to be reasonable upon an appropriate showing by Stuart Irby with supporting documentation. (Docket No. 93 at 2.) Stuart Irby then filed a motion for attorneys' fees (Docket No. 91), which was granted by the Court's May 15, 2020 order (Docket No. 98).

[3] Presumably, no warrant was sought for Defendant Michael Brown because, at the time, he was residing outside the jurisdictional reach of a warrant for civil contempt.

being renewed, but ordered all Defendants to appear (either in person or through counsel) on October 6, 2020 and demonstrate that they had fully and completely responded to post-judgment discovery. (August 11, 2020 Order at Docket No. 106.) The Court also imposed a sanction of $50 per day commencing on August 11, 2020 (the date of the Order) and continuing until the post-judgment discovery is answered in full or further orders as a contempt sanction for the failure of Defendants Thompson Brown, Inc., Michael Brown, and Keli Brown to appear on February 20, 2020. (*Id*. at 5.) However, the Court stayed collection of the monetary contempt sanction pending further orders. (*Id*.) The Court's August 11 order also warned that Defendants' failure to appear for the October 6 hearing would result in additional contempt penalties, including the issuance of bench warrants. (*Id*. at 1-2 and 6.)

Moore again appeared through counsel on October 6 and advised the Court responses to post-judgment discovery had been provided. Counsel for Stuart Irby acknowledged receipt of Moore's discovery responses but stated the responses had not yet been fully reviewed. Defendants Keli Brown and Michael Brown did not appear for the October 6 show cause hearing. Nor did any counsel appear on behalf of Defendant Thompson Brown, Inc.

## Discussion

The Court already determined that the post-judgment discovery sought by Stuart Irby is appropriate and reasonable under the principle that

> [t]he scope of post-judgment discovery is very broad, and the creditor is entitled to utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties and non-parties alike, including information about assets on which execution can issue or about assets that have been fraudulently transferred.

4

*Andrews v. Raphaelson*, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009) (internal quotations and citations omitted). *See also United States v. Conces*, 507, F.3d 1028, 1040 (6th Cir. 2007) (scope of post-judgment discovery is very broad).

The Court also found Defendants Thompson Brown, Inc., Keli Brown, and Michael Brown in contempt for failing to appear on February 2, 2020."When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Electrical Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.,* 340 F.3d 373, 378 (6th Cir.2003). Whether to hold a party in contempt is within the sound discretion of the district court but should not be used lightly. *Id.* at 378. A party seeking to establish contempt must produce "clear and convincing evidence" showing that the alleged contemnor violated a "definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Gary's Elec. Serv. Co.,* 340 F.3d at 378 (internal quotation marks and citations omitted). The court's prior order must have been "clear and unambiguous," and "[a]mbiguities must be resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill,* 462 F.3d 543, 550–51 (6th Cir.2006) (citing *Grace v. Ctr. for Auto Safety,* 72 F.3d 1236, 1241 (6th Cir.1996)).

However, if the proof establishes that the party violated a court order, the burden shifts to that party to show "categorically and in detail" why that party is unable to comply with the order and that the party took "all reasonable steps within [the party's] power to comply with the court's order." *Gary's Elec. Serv. Co.,* 340 F.3d at 379; *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996); *Pepper v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989); *Hooker v. Goldstein & Assocs., LLC*, 2013 WL 6163638, *5 (E.D. Mich. Nov. 20, 2013). A party held in contempt may be fined on a daily or other basis and (or) incarcerated until the contempt is purged.

None of Keli Brown, Michael Brown, or Thompson Brown, Inc. appeared at the February 20 hearing, to refute Stuart Irby's representations that the post-judgment discovery remained unanswered. The Court therefore found those Defendants in contempt and imposed the monetary sanction of $50 per day beginning on August 11, 2020 and continuing until either Stuart Irby's post-judgment discovery is answered in full or further orders, with collection stayed pending further proceedings.

Defendants Keli Brown, Michael Brown and Thompson Brown, Inc. were given an additional opportunity to purge their contempt by appearing on October 6 and responding to Stuart Irby's post-judgment discovery. They failed to appear and failed to answer the outstanding discovery.

### III.   CONCLUSION

Based on the foregoing, the Court therefore finds that the issuance of bench warrants for Keli Brown and Michael Brown is appropriate. The Court further finds that continuation of the previous monetary sanction of $50 per day is warranted for the ongoing disregard of the Court's orders by Keli Brown, Michael Brown, and Thompson Brown, Inc.

The Court therefore ORDERS as follows:

1. Stuart Irby's motion for issuance of a bench warrant for Michael Brown (Docket No. 114) is GRANTED.

2. Stuart Irby's renewed motion for issuance of a bench warrant for Keli Brown (Docket No. 103) is GRANTED.

3. Stuart Irby's motion for issuance of writ of execution (Docket No. 115) is GRANTED with the appropriate writ to be in accordance with the Court's procedures for writs of execution (found on the Court's website) or further instruction from the U.S. Marshal.

4. The stay of the Court's civil monetary contempt sanction of $50 per day found in the August 11, 2020 order (*see* Docket No. 106 at 5) is LIFTED, and the amounts due and accruing are recoverable by all enforceable collection means.

5. To the extent there remains any dispute between Stuart Irby and Defendant James Moore over post-judgment discovery, such dispute may be brought to the attention of the Court by an appropriate motion to compel or for a protective order.

The Clerk is directed to send a copy of this Order by first class mail only to Defendants Thompson Brown, Inc., Michael Brown, and Keli Brown at the addresses listed in the certificate of service of Docket No. 114.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge